No. 14,253.

ESTATE OF STANLEY.

MEYER *v.* MERCIER.
(80 P. [2d] 332)

Decided May 31, 1938.

Mr. FRANK H. HALL, for plaintiff in error.

Mr. A. W. McHENDRIE, for defendant in error.

*In Department.*

MR. JUSTICE BAKKE delivered the opinion of the court.

Action to determine ownership of, and right of possession to, certain U. S. government bonds of the approximate value of $7,500 purchased by Mrs. Josephine M. Stanley, who died testate, in Las Animas county, March 12, 1936. After her will had been admitted to probate, plaintiff in error filed a petition in the county court asking that the bonds be declared to be a part of the estate of which disposition was made by the will. The county court ruled against her, and on a trial de novo in the district court, the same result obtained, and she comes here on a writ of error asking us to review and reverse the judgment.

Mrs. Stanley, the testatrix, provided inter alia in the will that all of her property, "including any and all notes, bonds, stocks of corporations or other choses in action * * * of which I may be possessed at the time of my death," should be divided equally between her sisters, Mrs. Meyer (plaintiff in error), Mrs. Decker, the executrix, and Mrs. Mercier (defendant in error, respondent below), who was the daughter of a deceased sister.

The will was executed and properly attested May 31, 1929.

On October 9, 1935, testatrix, after being fully advised, purchased at the post office at Trinidad, Colorado, ten of the so-called "Baby Bonds," having a matured value in ten years of $1,000 each, made payable to "Mrs. Josephine M. Stanley or Mrs. Corrine S. Mercier." These bonds were delivered to Mrs. Stanley, retained by her during her lifetime, and were found in her safety deposit box upon her death in March, 1936.

Whose property are they? Petitioner contends they must be sold and the proceeds distributed under the above quoted broad provision of the will, while respondent claims them by virtue of her being a joint tenant with right of survivorship.

We think the county and district courts were clearly right in holding that the bonds belong to the respondent, Mrs. Mercier. They are obligations of the

United States government, and as such are payable according to their terms and the rules and regulations of the Treasury Department.

Each of the bonds has inscribed upon it, and as a part thereof, the following language: "This is a United States Savings Bond authorized by the second Liberty Bond Act, approved September 24, 1917, as amended, and issued pursuant to Treasury Department circular No. 529, dated February 25, 1935, to which reference is made for a statement of the rights of holders, as fully and with the same effect as though herein set forth."

Department circular No. 529 (1935), to which reference is made, provides, in part:

"The Savings bonds will not be transferable, and will be payable only to the owner named thereon, except in case of death or disability of the owner or as a result of judicial proceedings, and then only in accordance with regulations prescribed from time to time by the Secretary of the Treasury. (See Treasury Department Circular No. 530, dated February 25, 1935.) * * *

"All bonds issued pursuant to this circular shall be subject to regulations prescribed from time to time by the Secretary of the Treasury. Such regulations may require, among other things, reasonable notice in case of presentation of savings bonds for redemption prior to maturity. The initial regulations governing savings bonds are contained in Treasury Department Circular No. 530, dated February 25, 1935."

The pertinent language of regulation No. 530 (1935) reads as follows:

"I. Registration

"1. United States Savings Bonds will be issued only in registered form. Except as otherwise specifically provided in these regulations, the Treasury Department reserves the right to treat as conclusive the ownership and interest in the bond as stated in the registration.

"2. The following forms of registration are authorized:

"(a)  In the name of any individual, including minors.

"(b)  In the names of two *(but not more than two)* natural persons in the alternative, as, for example, 'John Jones *or* Mary Jones.'  The addresses of both persons should be inscribed on the savings bonds.

"X.  Co-owners [Department Circular No. 530 as amended Dec. 16, 1936]

"1.  A savings bond registered in the names of two persons in the alternative, as, for example, 'Mr. John A. Jones *or* Mrs. Mary C. Jones,' will be paid to either co-owner upon request duly executed by him, without requiring the signature of the other person named on the bond; and upon such payment to either co-owner the other person shall cease to have any interest in the bond.  Upon proof of death of one co-owner and of the subsequent death of the other co-owner, the savings bond will be paid or reissued as though the survivor had been the sole owner."

In addition to the above express regulations, there was an official ruling of the Treasury Department on the particular bonds here in question under date of February 15, 1937, which recites:  "Under the Department's regulations and the circumstances here present, payment can be made only to the surviving co-owner."

While counsel for petitioner objected to the introduction of these regulations in evidence, they were, and are, not attacked as being invalid, and were clearly admissible in evidence because specifically incorporated by reference in the bonds which were the subject matter in litigation.

Section 4 of the enabling act to our state Constitution says the members of the convention shall declare "that they adopt the Constitution of the United States."

Section 2 of article VI of the federal Constitution says, "This Constitution, and the laws of the United States which shall be made in pursuance thereof, * * * shall be the supreme law of the land; and the judges in every state

shall be bound thereby; anything in the Constitution or laws of any state to the contrary notwithstanding.''

The undisputed testimony here is that testatrix knew exactly what she was doing when she bought these bonds and asked that the payees be designated jointly. She had made particular inquiry of insurance men as to an annuity for Mrs. Mercier, and other forms of visitation of her bounty in this behalf, and she deliberately decided on the purchase of these bonds.

In none of the briefs is there a single case cited which in any way would be controlling under the facts and circumstances here presented. The reason for such omission is obvious. What we are asked by petitioner to do here, is to adjudge that the federal government could not make these bonds payable in this manner. When congress, in its wisdom, determined that direct obligations of the government should be payable as provided by the act and regulations thereunder, it is not for us to say that it thereby exceeded its powers.

Our conclusion, therefore, necessarily must be that the general provision in the will here in question is unavailing as to the government bonds involved.

Judgment affirmed.

MR. CHIEF JUSTICE BURKE, MR. JUSTICE HILLIARD and MR. JUSTICE HOLLAND concur.