Ann Deyo, as Executrix, etc., of William J. Deyo, Deceased, Plaintiff, *v.* May Adams and Harry Adams, Individually and as Executor, etc., of William J. Deyo, Deceased, Defendants.

Supreme Court, Special Term, Kings County, June 23, 1942.

*Edelman & Edelman,* for the plaintiff.

*Thomas A. Kane,* for the defendant May Adams.

*John E. Buck,* for the defendant Harry Adams.

Hooley, J. Motion to dismiss the complaint under rule 106 of the Rules of Civil Practice upon the ground that it appears on the face of said complaint (a) that it fails to state facts sufficient to constitute a cause of action; (b) that the plaintiff has not legal capacity to sue or, in the alternative, to require plaintiff to separately state and number each cause of action.

The action is brought by Ann Deyo, as executrix of the estate of William J. Deyo, deceased, who seeks to recover for the estate certain United States Savings Bonds. Plaintiff was married to William J. Deyo on December 5, 1939. He made his will on July 8, 1940, and died on November 15, 1940. The complaint alleges that at the time of his marriage, the decedent was the owner of the

savings bonds in question, which bonds were purchased in his own name by said William J. Deyo and were payable to him upon their maturity date, with the provision therein that upon his death, said bonds, if still outstanding, were to be paid to his sister, the defendant May Adams. The complaint further alleges that at all times subsequent to said purchase and up to the time of his death, said bonds were in the possession and under the control of the said William J. Deyo and that he exercised and maintained full ownership over said bonds.

In substance, the main contention of the plaintiff is that the estate is entitled to the bonds in question for the reason that the transaction was invalid as a gift because there was no delivery and invalid as a disposition of property to take effect after death because that could be done only by last will and testament.

The plaintiff relies upon the cases of *Decker* v. *Fowler*, (199 Wash. 549; 92 P. [2d] 254) and *McCarthy* v. *Pieret* (281 N. Y. 407). The Decker case is conceded to be in point. In that case the decedent Marino purchased United States savings bonds and each provided thereon a promise " to pay to Mr. Charles A. Marino, payable on death to Mrs. May Decker." That was exactly like the case at bar. Except for the difference in names, the cases are identical. There is a similarity between the laws of the State of Washington and the laws of the State of New York respecting validity of gifts and the devolution of property. The Washington court of last resort held that in order to constitute a gift of personal property, one of the things necessary is that there must be a delivery and that delivery must be such as will divest the donor of the present control and dominion over the property absolutely and irrevocably and confer upon the donee the dominion and control. The court further held that the right of Mrs. Decker to remain as beneficiary until the bonds were either paid before or after the death of their owner was not controlling inasmuch as Marino had the right during his lifetime to call for the payment of the bonds and having this right, the proceeds of the bonds had not passed beyond his dominion and control during his lifetime. Judge BEALS in a concurring opinion in the case last cited wrote as follows: " It seems to me clear that neither federal statutes nor the rules and regulations promulgated by the Federal department can render inoperative state laws governing the administration of the estate of a deceased citizen of that state and the distribution of his property to the persons entitled, under state laws, to receive the same, or the application of state laws providing for the payment of the debts of a decedent out of his property."

In *McCarthy* v. *Pieret* (*supra*) the court held that an agreement under which no present interest was transferred and where the decedent retained dominion and control and where it was provided that the principal and instalments of interest of a mortgage should be paid to certain named parties after death was testamentary in character and was not a valid gift and was illegal and contrary to the provisions of section 21 of Decedent's Estate Law.

The regulations of the United States Government concerning the manner of issue and payment of the bonds do not preclude the application of the laws of the State of New York determining the validity of the devolution of property. These regulations fix and determine exactly to whom the government may make payment of the bonds and thereby relieve the government of suits and claims or controversies. The rights of all persons in relation to the bonds are governed by the same rules of law as apply to bonds issued by a private corporation. Aside from the directions and provisions as to manner and form of payment, the Federal laws create no distinction between the bonds in question and other bonds. The Federal regulations here may be construed so as not to destroy the rights to inherit and the right to distribute by will. No valid gift of the money represented by the bonds was made in the case at bar. The attempted disposition of the proceeds of the bonds is a testamentary disposition and could only be made by will in accordance with the laws of the State of New York. The proceeds of the bonds belong to the estate.

With this view of the case it is unnecessary to pass upon the question relating to the right of election of a surviving spouse under section 18 of the Decedent Estate Law. The complaint states a good cause of action and the motion is in all respects denied.