Mrs. Josephine Beltram, since deceased, purchased United States Savings Bonds in 1937 and in 1939. All were registered in her name as sole owner. In September, 1941, she presented the bonds to the Treasury Department with the request that they be reissued in her name as owner, payable on death to certain named beneficiaries. Accordingly, half of the bonds were reissued, inscribed and registered:
"The United States of America, for value received, promises to pay to Mrs. Josephine Beltram, payable on death to Mr. Joachim Richard Beltram, address * * * one thousand dollars, without interest, ten years from the date as of which this bond is issued."
The remaining bonds were reissued to Mrs. Beltram "payable on death to Miss Marie I. Beltram." Joachim and Marie *Page 12 
are minor children of Mrs. Beltram, who died on January 28th, 1942. No delivery of the bonds was made to them in Mrs. Beltram's lifetime, and the bonds were in her possession when she died. The question is whether the bonds are the property of the children, or whether they are part of the decedent's estate.
Savings Bonds are issued under the authority of section 22 of the Second Liberty Bond Act, as amended in 1935, Title 31 U.S.C. § 1940ed. § 757c. The act provides that the various issues of Savings Bonds "shall be in such from * * * and shall be issued in such manner and subject to such terms and conditions * * * and including any restriction on their transfer as the Secretary of the Treasury may from time to time prescribe." Savings bonds are not transferable and are sold only in registered form. From the time of the original issuance of bonds in 1935 the Treasury regulations have provided for bonds in the beneficiary form here involved. The Treasury regulations in force when Mrs. Beltram's bonds were reissued and in January, 1942, when she died, provided in part as follows:
"(c) Payment or reissue to beneficiary. — If the registered owner dies without having presented and surrendered the bond for payment to a Federal Reserve Bank or the Treasury Department, and is survived by the beneficiary, upon proof of such death and survivorship, the beneficiary will be recognized by the Treasury Department as the sole and absolute owner of the bond, and payment will be made only to him, or, upon appropriate request by the beneficiary the bond may be reissued in his name or (if not a minor or under any other legal disability) in his name payable on death to a single designated beneficiary; * * *."
"(e) Reissue to add a beneficiary. — A savings bond registered in the name of one person in his own right or to which one person is shown to be entitled in his own right under these regulations, upon appropriate request by such person (if not a minor or under any other legal disability) may be reissued in whole or in part, in his name payable on death to a single designated beneficiary."
The statute authorizing the Secretary of the Treasury to issue Savings Bonds subject to such terms and conditions, as he may prescribe, is a valid exercise of the constitutional power "to borrow money on the credit of the United States." *Page 13 Art. I, § 8, cl. 2. The borrowing power necessarily includes the power to fix the terms of the government's obligation.Perry v. United States, 294 U.S. 330, 351; The Legal TenderCases, 110 U.S. 421, 444. The Treasury regulations under which the bonds were issued and reissued are within the authority given the Secretary by the Congress and have the force of federal law.United States v. Birdsall, 233 U.S. 223; United States v.Janowitz, 257 U.S. 42. No state law can vary the terms of the federal obligations or derogate from their full enforceability.Constitution, article VI, cl. 2. Irvine v. Marshall, 20 How.558; Ruddy v. Rossi, 248 U.S. 104.
The Treasury regulations above quoted were not devised solely for the protection of the Treasury, to simplify its task of determining whom to pay in case of the death of the registered owner. The regulations have the further effect of defining the rights of the registered owner and the beneficiary as between themselves, for these rights inter sese are the reflection of the contract obligation of the United States to the owner and to the beneficiary severally. The title of the registered owner, his cause of action against the United States, is cut off by his death; the beneficiary thereupon becomes sole and absolute owner.
The weight of the few cases dealing with bonds of this type supports the case of the beneficiary infants. Warren v. UnitedStates, 68 Ct. Cls. 634, cert. den. 281 U.S. 739; Laufersweiler
v. Richmond, 22 Ohio. Op. 265; In re Stanley's Est. (Col.),80 Pac. Rep. 2d 332. In the cited Ohio case, the court found, "that the registered owner, the decedent herein, having designated a beneficiary to whom said bonds should be paid, under regulations of the Secretary of the Treasury which prescribed that in case of the death of the registered owner the proceeds of the bonds should be paid to the designated beneficiary, the absolute right of property in the proceeds of said bonds passed to such beneficiary upon the death of the registered owner; that the rights of the beneficiary arise out of contract, and all conditions of said contract having been met payment should be made according to its terms; that the act of Congress, authorizing the Secretary *Page 14 
of the Treasury to issue United States Savings Bonds, under which comprehensive authority is given to the Treasury Department to prescribe regulations for the payment of said bonds, takes precedence over the laws of the State of Ohio relative to the devolution of property." Decker v. Fowler (Wash.),92 Pac. Rep. 2d 254 reaches a contrary result, and will not be followed by me.
Even if the decision were not controlled by the supremacy of federal law, if the bonds had been issued by a private corporation, the result would in my opinion be the same. No New Jersey statute or policy forbids effect to a contract to pay at a stated time, or earlier on demand, to A, but if A dies within the time or before demanding the money, then to pay B. There is nothing of a testamentary character in such a contract. It is an instance of a contract partially for the benefit of a third party, and on which a right of action accrues to the third party.Restatement Contr. § 135. It is distinguishable from a savings bank account in that the cause of action of the third party beneficiary as against the promissor, is not dependent on possession of a pass book or other document of title. Even in savings bank cases, the present trend of legislation and decision favors the beneficiary or donee. Hickey v. Kahl, 129 N.J. Eq. 233; Lester v. Guenther, 132 N.J. Eq. 496.
The bonds belong to the infants. *Page 15