Turner, J.
 

 We are of the opinion that the controlling principle in this case was settled in the case of'
 
 Rhorbacker, Exr.,
 
 v.
 
 Citizens Building Assn. Co.,
 
 138 Ohio St., 273, 34 N. E. (2d), 751, 135 A. L. R., 988.
 

 While this writer dissented in that case upon the ground that the then recent decisions of this court in similar cases had been based upon the theory of a contract between the donor and donee rather than upon a contract between the donor and the depositary for the benefit of a third person, the
 
 Rhorbacher case
 
 must now be accepted as declaring the applicable law in this state, to wit, that the proceeds of a contract made for the benefit of a third party-are not subject to administration in the estate of the donor but belong to the person for whose benefit the contract was made. That case involved the ownership of a certificate of deposit issued in the names of L. Floy Walker or Mrs. Sceva Stinebaugh Walker or survivor. There was no contract between donor and donee. There was, however, an executed contract between the donor and the building and'
 
 *229
 
 loan association for the benefit of a third party". The controversy arose between the executor of the estate ■of L. Floy Walker, deceased, and Mrs. Sceva Stinebaugh Walker, the survivor. Judgment was entered by the Court of Common Pleas for the executor, but the Court of Appeals reversed that judgment and, finding such judgment in conflict with the judgment rendered by the Court of Appeals of Cuyahoga county in another case, certified the
 
 Rhorbacker case
 
 to this court for review and final, determination.
 

 There is a close analogy between the facts in the
 
 Rhorbacker case
 
 and the instant case.' In the former case the owner of the fund had entered into a contract with a building and loan association to repay the money to her or another during lifetime or .upon the death of the depositor to the named survivor. The only difference is that in the
 
 Rhorbacker case
 
 a present -full interest was created in the donee, whereas in the instant case the present interest created in the do-nee was that the beneficiary could not be changed while the bond remained outstanding and upon the death of the donor the outstanding bond belonged absolutely to the surviving beneficiary. In the
 
 Rhorbacker case,
 
 as in the instant case, the issue was and is: Do the proceeds belong to decedent’s estate to be there administered or do they belong to the named beneficiary?
 

 In the instant case the United States of America entered into a contract with Louis DiSanto to repay the principal amount of the bond to him or in case of his death to the' named beneficiary.
 

 It is the contention of appellant that the treasury regulations which are made a part of the bond contract are merely for the convenience of the treasury in order to facilitate payment and are not sufficient to pass title to the designated beneficiary upon the death of the registered owner. While we agree that one of the purposes of such provisions was to facilitate payment,
 
 *230
 
 we are definitely of the opinon that the terms of the contract between the government and the bondholder are sufficient to and do pass title to the named beneficiary upon the death of the registered holder.
 

 Section 22 (a) of the Second Liberty Bond Act, as supplemented by the Act of February 4,1935, reads in part as follows:
 

 “The Secretary of the Treasury, with the approval of the President, is, authorized to issue, from time to time, through the postal service or otherwise, bonds of the United States to be known as ‘United States Savings Bonds’ * * *. The various issues and series of the savings bonds shall be in such forms, shall be offered in such amounts within the limits of Section 1 of this Act, as amended, and
 
 shall be issued in such manner and subject to such terms and conditions consistent with subsections (b) and (c) hereof, and including any restriction on their transfer, as the Secretary of the Treasury may from time to time prescribe.”
 
 (Italics ours.)
 

 There is nothing in subsections (b) and (c) which affect our question here save that in (b) it is provided that: “Provision may be made for redemption before maturity upon such terms and conditions as the Secretary of the Treasury may prescribe.” (See 49 Stats. at L., 21, Title 31, Section 757c, page 2857, U. S. Code, 1940 Ed., amended after purchase of bonds in question by Public Debt Act of 1941, Act of February 19, 1941, 55 Stats, at L., 7, Title 31, Section 757c, U. S. Code, 1940 Ed., Supp. L; 3 Fed. Register, 3128, Article X; 5 Fed. Register, 1267, Art. XI; 6 Fed. Register, 2191, Section 315.12
 
 et seq.
 
 )
 

 It is argued that because Mr. DiSanto had the right to cash these bonds during his lifetime the proceeds belong to his estate and the beneficiaries may be compelled under process of court to cash these bonds and account for the proceeds to the administratrix of Di
 
 *231
 
 Santo ’s estate. In this connection it is to be observed that while Mr. DiSanto could have cashed these bonds during his lifetime, he could not have changed a beneficiary prior to such beneficiary’s death. (6 Fed. Register, 2197, Section 315.12 [&].) Section 315.17 of the treasury regulations in effect at the time of the death of Mr. DiSanto provided that the ownership of a savings bond or interest therein could be transferred or established through valid judicial proceedings but that no such proceedings should be recognized if they would defeat or impair the rights of survivorship conferred by the regulations. (6 Fed. Register, 2199.)
 

 •That a bond is a contract needs no citation of authority. That the terms of the contract will be enforced so long as the same are not illegal is also elementary. The terms of the treasury circulars are specifically made a part of the contract as if they were fully set out in the bond form. •
 

 The bonds in question are not transferable. The identity of the owner as well as that of the payee is to be determined according to the tenor of the bond. (Subject to the determination of ownership under Section 315.17,
 
 supra.)
 

 While the question of conflicting sovereignty has been raised, it is not here involved. There is no question in this case of a transfer in fraud of creditors or the widow. The widow was not only one of the beneficiaries but was a joint custodian of all the bonds during her husband’s lifetime and was present at times when her husband opened the safe deposit box containing the bonds. Under the record in this case the widow is estopped to complain. No question has been raised here as to any liability for gift, estate or inheritance tax on these bonds.
 

 
 *232
 
 Being of the opinion that each of the bonds in question evidences a contract between the United States of America and the registered owner for the benefit of a third prson, the designated beneficiary, the judgment of the Court of Appeals should be and hereby is affirmed.
 

 Judgment affirmed.
 

 Matthias, Hart, Zimmerman and Williams, JJ., concur.
 

 Weygandt, C. J., and Bell, J., dissent.