The case presents but a single question, whether United States Savings Bonds, Series E, may be the subject of a gift causamortis. Congress made the issuance of the bonds subject to such terms, "including any restriction on their transfer, as the Secretary of the Treasury may from time to time prescribe."31 U.S.C.A., § 757C. The Treasury regulations promulgated under this authority have the force of federal law. FranklinWashington Trust Co. v. Beltram, 133 N.J. Eq. 11. The regulations state that the bonds are not transferable, may not be hypothecated or pledged and are payable only to the owners named thereon, except in case of disability or death of the owner. Upon the death of the owner, the bond "will be considered as belonging to his estate," and will be paid to the duly authorized representative of the estate or, on his request, will be reissued in the names of the persons entitled to share in the estate.Dept. Circular No. 530 § 315.47.
Paragraph (b) of the cited section provides: "If the estate of the decedent has been settled in a court of competent jurisdiction, the bond will be paid to or reissued in the name of the person entitled thereto as determined by the court. The request for payment or reissue should be made by the person shown to be entitled and supported by duly certified copies of the representative's final account and the decree of distribution or other pertinent court records * * *." This paragraph does not aid the claimant under the alleged gift. It relates only to the settlement of decedent's estate. If the gift were valid, the bond would not be included in the settlement or be subject to the decree of distribution. *Page 318 
Savings bonds are sold by the government in denominations as low as $25 to persons of small means and little business experience, persons who are apt to have no safe place for keeping the bonds. One reason — though not the only reason — the bonds were made not transferable, is to protect the owner against fraud and theft. This reason applies with full force to gifts causamortis. Certainly, a man in his last illness is as easily subject to imposition as if he were well, and is less able to defend his possessions against a thief.
There cannot be, in my opinion, a valid gift causa mortis of a savings bond. For cases from other jurisdictions, see161 A.L.R. 170. Also Owens v. Marshall (Ky.), S.W. Rep.
2d , decided last October.