218 P.2d 732

**LEE v. ANDERSON.**

No. 5135.

Supreme Court of Arizona.

May 22, 1950.

V. L. Hash, of Phœnix, for appellant.

C. A. McKee, of Glendale, for appellee.

Frank E. Flynn, United States Attorney, for the District of Arizona, Phœnix, Charles B. McAlister, Assistant U. S. Attorney, Phœnix, of counsel.

PHELPS, Justice.

The facts in this case are that one Martin L. Lee in his lifetime purchased 33 U. S. Savings Bonds of a maturity value ·of $25 each. The bonds were paid for by Lee out of his own funds and were by him kept in an envelope numbered 556 which he rented from the Glendale branch of the Valley National Bank and in which· he kept all of his valuable papers. All of the bonds except one were registered as follows: "Martin L. Lee, payable on death to Viola Anderson." The other bond is registered in co-ownership as follows: "Martin Lee or Viola Anderson." The bonds were in the bank envelope at the time of Lee's death. After the death of Lee, Viola Anderson who will be referred to hereinafter as plaintiff made demand upon the Valley Bank (Glendale branch) hereinafter called the bank, for delivery of said bonds to her. Upon being refused delivery thereof she brought this action to have the bonds declared to be her property and that she be given possession thereof.

The bank, upon petition, was permitted to deposit its envelope containing the bonds in question in court pursuant to the provisions of section 21-1609, A.C.A.1939, and the cause of action against the bank was thereby dismissed. At the same time the court granted the administrator of the estate of Martin L. Lee, hereinafter called defendant, permission to file an answer in interpleader which he did. In his answer the administrator alleges in substance the facts hereinabove set forth except as to the maturity value of the bonds; alleges that the estate is insolvent; that there were debts outstanding against the estate and that there were no funds with which to pay them. He alleged further that to award plaintiff the bonds would constitute a fraud upon the creditors of the estate; that the alleged interest of plaintiff in the bonds rests upon the promise of deceased to make a gift in the future which is unenforceable. As a further defense he alleges that the right to survivorship of property held jointly by two or more persons has been abolished in Arizona and that plaintiff has no interest in law or in equity to the bonds in question but that they belong to the administrator as representative of the estate of deceased.

The cause was tried to the court without a jury and judgment rendered in favor of plaintiff.

From said judgment defendant appeals and presents the following assignments of error:

· 1. The trial court erred for the reason that plaintiff had no interest in the bonds as a donee inter vivos or as a beneficiary causa mortis.

2. The court erred in entering judgment for· plaintiff upon the ground that it violated the statute of gifts for the reason that deceased never parted with possession of the bonds.

3. That the court erred in rendering judgment for plaintiff for the reason that

there was no testamentary disposition of the estate of deceased sufficient in form to transfer the estate to plaintiff.

4. The court erred in rendering judgment for plaintiff for the reason that to award the bonds to plaintiff would strip the estate of its assets and constitute a fraud against the creditors of the estate.

There is no dispute as to the material facts. The sole questions therefore are questions of law.

Before we can enter upon an intelligent discussion of the points raised by defendant it will be necessary to examine the authority of the United States Government to issue such bonds and the legal character of the bond itself.

Article 1, section 8, clause 2 of the Constitution of the United States provides in part as follows: "The Congress shall have Power * * * To borrow Money on the credit of the United States; * * *." By article 1, section 8, clause 18 thereof, Congress is given the power "To make all Laws which shall be necessary and proper for carrying into Execution the foregoing Powers, and all other Powers vested by this Constitution in the Government of the United States, or in any Department or Officer thereof."

In the exercise of its constitutional powers thus vested Congress enacted section 22 of the Second Liberty Bond Act as amended, in 1935, 31 U.S.C.A. § 757c, which reads as follows: "(a) The Secretary of the Treasury with the approval of the President, is authorized to issue, from time to time, through the Postal Service or otherwise, United States savings bonds and United States Treasury savings certificates, the proceeds of which shall be available to meet any public expenditures authorized by law, and to retire any outstanding obligations of the United States bearing interest or issued on a discount basis. The various issues and series of the savings bonds and the savings certificates shall be in such forms, shall be offered in such amounts, subject to the limitation imposed by section 757b of this title, and shall be issued in such manner and subject to such terms and conditions consistent with subsections (b), (c) and (d) hereof, and including any restrictions on their transfer, as the Secretary of the Treasury may from time to time prescribe."

The Secretary of the Treasury pursuant to the authority granted him in section 22, supra, did adopt regulations consistent therewith to the effect that the form of registration "will be considered as conclusive of such ownership and interest"; that the bonds "are not transferable and are payable only to the owners named"; and that they may not be sold or hypothecated; that they may be paid to the registered owner during his lifetime; that after his death the beneficiary, if surviving, will be recognized as "the sole

and absolute owner"; and that after the death of the surviving beneficiary the bond may be paid or re-issued in accordance with the regulations "as though it were registered in the name of the surviving beneficiary alone." We believe it cannot be successfully contended that the regulations adopted by the Secretary of the Treasury are not a proper exercise of the power given him by the Congress; that they are consistent in every particular with the law itself and therefore have the force and effect of Federal Law. Harvey v. Rackliffe, 141 Me. 169, 41 A.2d 455, 456, 161 A.L.R. 296.

Article 6, clause 2 of the Federal Constitution provides: "This Constitution, and the laws of the United States which shall be made in Pursuance thereof; * * * shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." There is no authority in any of the books challenging the supremacy of the Federal Constitution and laws enacted pursuant thereto, notwithstanding the constitution or laws of any state to the contrary.

In the case of Weston v. City Council of Charleston, 2 Pet. 449, 7 L.Ed. 481, Chief Justice Marshall in passing upon the question of the right of a state to levy a tax upon a government bond, declared that such bond evidences a debt created by the exercise of power of the United States to borrow money, and that the bond constitutes a contract between the United States Government and the individual who purchased it. The court then said: "A contract made by the government in the exercise of its power, to borrow money on the credit of the United States, is undoubtedly independent of the will of any state in which the individual who lends may reside, and is undoubtedly, an operation essential to the important objects for which the government was created." In the case of Gulf Oil Corporation v. Lastrap, D.C.S.D. Tex.1943, 48 F.Supp. 947, it was held that an insurance contract authorized by Federal law was enforceable in Texas in spite of the rule of law in Texas that such contract was unenforceable there because the insured had no insurable interest. The court said in Harvey v. Rackliffe, supra, having before it a similar question to ours for determination: " * * * If the state may treat the bonds here involved, or the proceeds of their sale, as the property of some person other than the one whom the contract has designated, the government has thereby been prevented from carrying out the agreement into which it has entered. * * *"

In the case of Franklin Washington Trust Co. v. Beltram, 133 N.J.Eq. 11, 29 A. 2d 854, where again a question similar to the one here presented was before the court, it quoted with approval from

Laufersweiler v. Richmond, Prob.Ct., 8 Ohio Supp. 76, 82, the following: "* * * That the registered owner, the decedent herein, having designated a beneficiary to whom said bond should be paid, under regulations of the Secretary of the Treasury which prescribe that in case of the death of the registered owner the proceeds of the bonds should be paid to the designated beneficiary, the absolute right of property in the proceeds of said bonds passed to such beneficiary upon the death of the registered owner; that the rights of the beneficiary arise out of contract, and all conditions of said contract having been met payments should be made according to its terms; that the act of Congress, authorizing the Secretary of the Treasury to Issue United States Savings Bonds, under which comprehensive authority is given to the Treasury Department to prescribe regulations for the payment of said bonds, takes precedence over the laws of the state of Ohio relative to the devolution of property. * * *."

Then the court makes the following pronouncement: "Even if the decision were not controlled by the supremacy of Federal law, if the bonds had been issued by a private corporation, the result would in my opinion be the same. No New Jersey statute or policy forbids effect to a contract to pay at a stated time, or earlier on demand, to A, but if A dies within the time or before demanding the money, then to pay B. There is nothing of a testamentary character in such a contract. It is an instance of a contract partially for the benefit of a third party, and on which a right of action accrues to the third party. Restatement Contr. sec. 135. It is distinguishable from a savings bank account in that the cause of action of the third party beneficiary as against the promissor is not dependent on possession of a pass book or other document of title. Even in savings bank cases, the present trend of legislation and decision favors the beneficiary or donee." (Citing cases).

In the case of Moore's Administrator v. Marshall, 302 Ky. 729, 196 S.W.2d 369, 372, 168 A.L.R. 241, where the same question was involved the court said: "* * * Each of these bonds, together with the Act and Treasury regulations, constitute a valid and binding contract determining the rights of the parties therein, and the regulations have the force and effect of law and are to be read into the contract between the purchaser of the bonds and the United States Government. * * *" To the same effect is Conrad v. Conrad, 66 Cal.App.2d 280, 152 P.2d 221. All of the authorities are to the effect, of course, that the act of Congress and the regulations of the Treasury Department together with the provisions in the bond itself constitute the contract between the government and the individual purchaser of the bond. It is doubtful if there is a court in the United States today that would entertain a con-

trary view to that expressed in the above quoted excerpts.

In the light of the foregoing decisions it is clear that we are not concerned here with a gift inter vivos nor a gift causa mortis nor are we required to consider any statute of the state of Arizona relating to either thereof. According to all the authorities the state constitution and statutes must yield to Federal laws which are the supreme law of the land.

As stated in the case of Franklin Washington Trust Co. v. Beltram, supra, the rights of the plaintiff in this case rest squarely upon contract. In the case of Decker v. Fowler, 199 Wash. 549, 92 P.2d 254, 131 A.L.R. 961, upon which defendant relies there was an exceedingly strong dissenting opinion in line with the authorities quoted in this opinion holding that the right of the individual bond holder rests exclusively upon contract. Since that decision was rendered, the legislature of Washington has passed legislation designed to harmonize future decisions of that court on this question with the overwhelming majority rule.

We therefore hold that there is no merit to any of the assignments of error presented by appellant.

Judgment affirmed.

LA PRADE, C. J., and UDALL, STANFORD, and DE CONCINI, JJ., concur.