## IN THE MATTER OF THE ESTATE OF REBECCA HEDEN HENRY, DECEASED.

### No. 2838.

SUBMITTED FEBRUARY 15, 1951.        DECIDED APRIL 20, 1951.

LE BARON AND TOWSE, JJ., AND CIRCUIT JUDGE
BUCK IN PLACE OF KEMP, C. J., RETIRED.

OPINION OF THE COURT BY LE BARON, J.

The testatrix died in possession of certain United States savings bonds, each of which is registered either jointly in her name and in that of a surviving co-owner or in her name but payable on her death to a certain named surviving beneficiary. The executor listed these co-owner and beneficiary bonds in the inventory as principal assets of the decedent's estate. Thereafter, he charged and collected statutory commissions upon them as principal of that estate. The circuit judge at probate then entered an order declaring that the executor was legally entitled to do so. Three legatees named in the will challenge that order and appeal from it.

The sole question on appeal is one of law. It is whether or not the executor had the authority or right to charge and

collect commissions upon the said co-owner and beneficiary bonds as principal of the decedent's estate under the provisions of section 9757 of Revised Laws of Hawaii 1945 as amended by Act 100 of Session Laws of Hawaii 1947, the provisions thereof which control that question being those set forth in the section's second and third paragraphs.

The pertinent part of the second paragraph reads: "Upon the principal of the estate, executors and administrators shall be allowed * * * commissions payable out of the principal at the close of administration * * *." The pertinent part of the third paragraph reads: "Upon the principal of the estate, trustees and guardians shall be allowed * * * commissions * * * at the inception of the trust payable at such inception out of the principal * * * upon final distribution [of all or any part of the estate] * * * payable at such termination out of the principal * * * upon all cash principal received after the inception of the trust and neither being nor representing principal upon which * * * [a certain rate of commission] has previously at any time been charged, payable at such receipt out of the principal and * * * upon the final payment of any cash principal prior to the termination of the trust, payable at the final payment out of the principal."

A reading of the quoted provisions suffices to demonstrate that they deal exclusively with commissions, chargeable against and payable out of the principal of a decedent's estate in the course of its administration, as compensation for the performance of duties in administering that principal. The provisions thus pertain to that part of the decedent's estate which is its principal and concern the administering of that principal for which they allow commissions to be paid therefrom as compensation on particular occasions beginning at the inception of the trust and ending at the termination of the trust on the close of administration. It is axiomatic that those provisions do

not apply to any property which is not a part of the decedent's estate and not a subject to be administered as principal of that estate.

The law is well settled that co-owner and beneficiary bonds of the character under consideration constitute no part of a decedent's estate at any time. On the contrary, they are foreign to it in that upon the death of the decedent each bond vests *eo instante* in the surviving co-owner or in the surviving beneficiary as the sole and absolute owner without leaving any vestige of property in the estate capable of being administered at the inception of the trust or thereafter susceptible of being drawn upon for principal payments of commissions or other expenses of administration. (See *Warren* v. *United States,* 68 Ct. Cl. 634, *certiorari denied,* 281 U. S. 739; *United States* v. *Dauphin Deposit Trust Co.,* 50 F. Supp. 73; *Harvey* v. *Rackliffe,* 141 Me. 169, 41 A. [2d] 455; *Reynolds* v. *Reynolds,* 325 Mass. 257, 90 N. E. [2d] 338; *In re Deyo's Estate,* 42 N. Y. S. [2d] 379; *In re Hager's Estate,* 45 N. Y. S. [2d] 468; *Franklin* v. *Pope* [Ga.], 59 S. E. [2d] 726; *Conrad* v. *Conrad,* 66 Cal. App. [2d] 280, 152 P. [2d] 221; *Lee* v. *Anderson,* 70 Ariz. 208, 218 P. [2d] 732.)

Consequently, the pertinent provisions of section 9757, *supra,* have no application to the co-owner and beneficiary bonds in this case because such bonds were neither parts of the decedent's estate during the life of the trust nor subjects to be administered as principal of that estate so as to constitute the statutory basis for the allowance of commissions to compensate the executor. Therefore, he had no legal authority or right to charge and collect commissions upon such bonds as principal of the estate.

Order reversed and the cause remanded below for further proceedings consistent with this opinion.

*Montgomery Clark* for appellants.

*H. Irwin* for appellee.