Charles O. BARTON et al., Plaintiffs in Error,

v.

Tono L. HOOKER, Defendant in Error.
No. 35708.

Supreme Court of Oklahoma.
March 22, 1955.

Manatt, Knight & Knight, F. A. Bodwitz, Lewis C. Johnson, Milsten, Milsten, Johnston & Morehead, Tulsa, for plaintiffs in error.

G. C. Spillers and G. C. Spillers, Jr., Tulsa, for defendant in error.

WILLIAMS, Justice.

This case involves the question of whether a savings account in the First National Bank and Trust Company of Tulsa, a savings account in the Peoples State Bank of Tulsa, Oklahoma, and seven United States Savings Bonds of $1,000 denomination each, all standing in the joint names of Flora B. Barton and Tono L. Hooker are the sole property of Tono L. Hooker, by reason of the death of Flora B. Barton, or whether

said accounts and bonds are assets of the estate of Flora B. Barton, deceased.

Plaintiff, Tono L. Hooker, was the nephew of Flora B. Barton, now deceased. He brings this action against the defendants, Charles O. Barton and Chandos A. Hoskyns, Special Administrators of the Estate of Flora B. Barton, deceased, alleging, so far as is material to this appeal, that he and Flora B. Barton, during her lifetime, had entered into a contract of joint tenancy with right of survivorship in regard to a savings account in the First National Bank and Trust Company of Tulsa, Oklahoma, and that at the time of the death of Flora B. Barton, the account contained the sum of $3,329.07 which belonged to plaintiff as surviving joint tenant. Plaintiff further alleged that defendants had in their possession seven Series E United States Savings Bonds, of $1,000 denomination each, which were made payable to Flora B. Barton or Tono L. Hooker, and that as surviving joint tenant, the plaintiff was the sole owner of said bonds.

Defendants contested plaintiff's claims, and by cross-petition alleged that plaintiff had wrongfully withdrawn $6,320.27 from the savings account of Flora B. Barton after her death, which funds had been on deposit in the Peoples State Bank of Tulsa, Oklahoma. Plaintiff answered defendants' cross-petition by admitting that he had withdrawn these funds, but asserting that such were his property pursuant to a joint tenancy with right of survivorship contract which he and Miss Barton had entered into with said bank, and that as surviving joint tenant he was the sole owner of these funds.

The trial court rendered judgment for plaintiff, holding that he was the owner of both bank accounts and the seven United States Savings Bonds, as surviving joint tenant, and defendants appeal.

The evidence is in the main, uncontroverted. It reveals that on December 28, 1948, Flora B. Barton and her nephew, the plaintiff, went to the savings department of the First National Bank and Trust Company of Tulsa, for the purpose of opening an account. At that time in the presence of the manager of the savings department and in the presence of each other, they signed a joint savings account with right of survivorship contract upon a form prepared by the bank. An initial deposit of $1,794.44 was made in the account by Miss Barton and thereafter an additional deposit of $1,501.60 was made by her. It is conceded that these deposits came from money belonging to Flora B. Barton. There were no withdrawals from the account by either of the parties.

The situation with respect to the Peoples State Bank account is virtually the same. On March 29, 1946, Flora B. Barton and plaintiff set up a joint savings account in the original amount of $2,510. The account was set up on a form prepared by the bank and upon the face thereof it provided that the money on deposit might be withdrawn by either of the parties. On the reverse side of this card was a contract for the creation of this account as a joint account with right of survivorship which was duly signed by Flora B. Barton and plaintiff. All of the money that went into this account was furnished by Miss Barton and plaintiff made no withdrawals therefrom during her lifetime.

On March 12, 1950, Miss Barton died, and on July 21, 1950, plaintiff closed out the account at Peoples State Bank by withdrawing the balance on deposit in the sum of $6,320.27.

The seven Series E United States Savings Bonds in controversy were discovered in the safe deposit box of Flora B. Barton in the First National Bank and Trust Company of Tulsa, Oklahoma, after her death. All these bonds had been issued in December, 1946, and upon their face were made payable to Flora B. Barton or Tono L. Hooker. Until the death of Miss Barton, plaintiff had a right of access to this safety deposit box. It is conceded that these bonds were purchased by Miss Barton with her own funds.

Joint tenancies have long been recognized as a part of the body of the common law of this state. Kilgore v. Parrott, 197 Okl. 77, 168 P.2d 886. In Royston v. Besett, 183 Okl. 643, 83 P.2d 874, it was held that the survivor was the owner of a deposit in the bank and stock in a building and loan as-

sociation as a joint tenant without express words of joint tenancy or survivorship.

In 1945 the legislature passed an act making statutory provision for estates in joint tenancy, which is now found in 60 O.S.1951 § 74, the pertinent provisions of which are as follows:

"A joint interest is one owned by several persons in either real or personal property in equal shares, being a joint title created by a single instrument, will or transfer when expressly declared in the instrument, will or transfer to be a joint tenancy, or as between husband and wife a tenancy by entirety or joint tenancy as the grantor may elect, or when granting or devising to executors or trustees as joint tenants. A tenancy by entirety can only be created between husband and wife.

"*Such joint tenancy or tenancy by entirety may be created by transfer to persons as joint tenants or tenants by entirety from an owner or a joint owner to himself and one or more persons,* or from tenants in common to themselves, or by copartners in voluntary partition, * * *"*. (Emphasis added.)

Thus it may be seen that the statute specifically authorizes the creation of a joint tenancy in personal property by a transfer from the owner thereof to himself and one or more other persons. This is exactly what Miss Barton did in connection with the two savings accounts in question. She was the owner of the funds placed in these accounts, but transferred them to herself and plaintiff as joint tenants by a written instrument signed by both herself and plaintiff. We do not see what more she could have done to create the joint tenancy.

It might be noted that the statute above quoted does not in express terms employ the term "survivorship". However, in construing this statute in Draughon v. Wright, 200 Okl. 198, 191 P.2d 921, 923, we said:

"We cannot agree that 60 O.S.1945, Supp. § 74 creates a statutory joint tenancy without survivorship because survivorship is not mentioned in that statute. The term 'joint tenancy' had a well defined meaning at common law; and, since the Legislature did not define the term or use language indicating a contrary intention, we must presume that it used the term in its technical common law sense."

Defendants argue that the evidence does not establish that Flora B. Barton intended to make a gift in praesenti to plaintiff at the time they established the joint bank accounts in question. We find no merit in this contention. The evidence not only reveals that Miss Barton and plaintiff established the accounts in question as joint accounts with right of survivorship by written contract, but that such written contract was entered into at the insistence of Miss Barton after being advised against such procedure by the bank official handling the deposit.

The third paragraph of our syllabus in the case of Flesher v. Flesher, Okl., 258 P.2d 899, 900, reads as follows:

"Where donor and donee by a writing signed by them as shown by the record contains words expressing a clear and unequivocal intent on the part of the donor to make donee a joint owner and containing a survivorship clause; upon donor's death the donee is entitled to the accounts and proceeds thereof unless it is shown that the intention of the donor was to place the accounts in the donee as a trustee."

We regard the rule there expressed as controlling here, since in the case at bar there is not even a contention made that there was any trust relationship established, nor is there any contention made that the written contract establishing the joint tenancy was obtained by fraud or undue influence.

Defendants further argue that 6 O.S.1951 § 118o limits agreements for joint accounts with right of survivorship to deposits made in the name of husband and wife, parent and child, brother and sister, or brothers and sisters, and that since plaintiff is the nephew of Flora B. Barton he can acquire no right of survivorship by virtue of said statute. Such an argument is untenable. The cited statute was passed in 1937 for

the benefit of the banks of the state and has for its sole purpose the relieving of a bank from any liability by virtue of a payment to a survivor where such survivor is a close relation of the deceased joint tenant. It does not modify in any degree the right, title or interest in the joint account or the proceeds thereof as between the joint tenants, as the law of joint tenancy establishes their rights. Watkins **v.** McComber, 208 Okl. 352, 256 P.2d 158.

We are of the opinion and hold that both of the savings accounts in question were owned by Flora B. Barton and plaintiff as joint tenants and that upon the death of Miss Barton plaintiff became the sole owner thereof as surviving joint tenant.

With respect to the United States Savings Bonds in question, it appears that they were issued under and in conformity with regulations issued by the Treasury Department of the United States under date of February 13, 1945. Section 315.45 of such regulations provides in pertinent part:

"A savings bond registered in the names of two persons as co-owners in the form, for example, 'John A. Jones or Mrs. Mary C. Jones,' will be paid or re-issued as follows: * * * If either co-owner dies without the bond having been presented and surrendered for payment or authorized reissue, the surviving co-owner will be recognized as the sole and absolute owner of the bond and payment or reissue, as though the bond were registered in his name alone, will be made only to such survivor. * * *"

There has been no previous case before this court dealing with the question of ownership of United States Savings Bonds where co-owners have been named. There have been numerous such cases before the appellate courts of other jurisdictions, however. A review of these decisions reveals that the majority hold that when the co-owner, who furnishes the money with which to pay for the bonds, dies, the bonds belong to the surviving co-owner with no interest left in the deceased's estate. They hold that the question is not one of gift but of contract under the federal regulations, those regulations providing for exclusive ownership in the surviving co-owner, and that death terminates all interest of the other co-owner.

In this connection see Lemon v. Foulston, 169 Kan. 372, 219 P.2d 388; Conrad v. Conrad, 66 Cal.App.2d 280, 152 P.2d 221; Warren v. United States, 68 Ct.Cl. 634, certiorari denied 281 U.S. 739, 50 S.Ct. 346, 74 L.Ed. 1154; United States v. Dauphin Deposit Trust Co., D.C., 50 F.Supp. 73; In re Deyo's Estate, 180 Misc. 32, 42 N.Y.S.2d 379; In re Karlinski's Estate, 180 Misc. 44, 38 N.Y.S.2d 297, 40 N.Y.S.2d 22, 43 N.Y. S.2d 40; In re Di Santo's Estate, 142 Ohio St. 223, 51 N.E.2d 639; In re Stanley's Estate, 102 Colo. 422, 80 P.2d 332; Franklin Washington Trust Co. v. Beltram, 133 N.J. Eq. 11, 29 A.2d 854, 856; Lee v. Anderson, 70 Ariz. 208, 218 P.2d 732. It is interesting to note that in Lee v. Anderson, supra, the Supreme Court of Arizona followed the majority rule with respect to United States Savings Bonds even though the right to survivorship of property held jointly by two or more persons has been abolished in Arizona. In that case the court said that they were not concerned with a gift inter vivos nor a gift causa mortis and were not required to consider any estate statute relating to either thereof, but that the state constitution and statutes must yield to Federal laws which are the supreme law of the land.

We have been able to find only three decisions contrary to the majority holding above set forth, namely, Decker v. Fowler, 199 Wash. 549, 92 P.2d 254, 131 A.L.R. 961; Sinift v. Sinift, 229 Iowa 56, 293 N.W. 841; and Deyo v. Adams, 178 Misc. 859, 36 N.Y.S.2d 734. Decker v. Fowler, supra, and Deyo v. Adams, supra, have both been overruled by both legislative enactment and judicial decision, and we find nothing in Sinift v. Sinift, supra, to persuade us that it is right and all the other cases to the contrary are wrong.

We therefore adhere to the majority rule and hold that upon the death of Flora B. Barton, plaintiff, as the surviving co-owner, became the sole owner of the bonds in question to the exclusion of the estate of Flora B. Barton, deceased.

The judgment of the trial court is therefore affirmed.

JOHNSON, C. J., and WELCH, CORN, DAVISON, HALLEY, BLACKBIRD and JACKSON, JJ., concur.