BARNECUT, APPELLEE, *v.* BARNECUT, ADMR., ET AL., APPELLEES;
ALTEN ET AL., APPELLANTS.

[Cite as Barnecut v. Barnecut, Admr., 3 Ohio App. 2d 132.]

(No. 376—Decided April 27, 1964.)

*Mr. Abram Cunix,* for appellants Joseph T. Alten, Mary Josephine Russell, Anna McClellan and Robert E. Alten.

*Mr. G. Gene Jackson,* for appellant Helen Lucille Parrish.

*Mr. Judson C. Kistler* and *Messrs. Alexander, Ebinger, Wonger & Holschuh,* for appellees.

RUTHERFORD, P. J. This is an appeal on questions of law from a declaratory judgment rendered by the Common Pleas Court of Fairfield County construing Articles of Partnership and declaring rights of the parties to the suit in the partnership interest of Paul W. Alten, a partner, following his death.

The Articles of Partnership, so far as here pertinent, provide:

"This agreement made and concluded this 22nd day of Nov. 1950, by and between Paul W. Alten and Richard E. Barnecut, both of Lancaster, Ohio, witnesseth:

"'* * *

"Article X: The death of either partner shall not operate to dissolve the partnership but the business shall be conducted by the survivor together with his heir or heirs of the deceased partner. An inventory and appraisement of the partnership assets and a sale of the decedent's partnership interest therein is hereby dispensed with and the capital of said partnership shall remain unimpaired and shall not be withdrawn by the administrator or executor of the deceased partner. It is specifically understood and agreed that upon the death of either partner his heir or heirs need not sell the interest of the decedent in the partnership, but if the heir or heirs shall desire to sell then in that event the surviving partner has the right to purchase the interest of the deceased partner in said partnership for the sum of eighteen thousand six hundred forty three dollars and fifty cents ($18,643.50) and that would mean for that sum of money that the surviving partner would take

over the interest of the deceased partner in the real estate of the partnership and in the personal property of the partnership, which real estate is described as follows: * * *.

"In case the surviving partner does not wish to purchase the interest of the deceased partner for the sum of $18,643.50 after having been offered the privilege of doing so, then the heir or heirs of the deceased partner may offer his or her or their said interest in the partnership assets for sale to someone else.

"In case the surviving partner and the heirs of the deceased partner do continue said business, then in that event the business shall be continued upon the same terms as set forth in this agreement as to operation of the business and the division of the profits and losses.

"Article XI: That the real estate above described, upon which the building of the Quality Auto Parts is located, is owned by Paul W. Alten, Edna T. Alten, Richard E. Barnecut and Helen M. Barnecut equally, and Edna T. Alten and Helen M. Barnecut, the wives of the partners hereto, join in this agreement and agree to be bound by terms of same and agree to sign any and all instruments to carry this said agreement into full and complete effect, and do hereby affix their names to this said partnership agreement."

The agreement was signed by Paul W. Alten, Edna T. Alten, Richard E. Barnecut and Helen M. Barnecut.

Paul W. Alten died on November 10, 1957. At the time of the death of Paul W. Alten, his surviving spouse, Edna T. Alten, was his sole heir. On November 14, 1957, the Probate Court of Fairfield County issued letters to Richard E. Barnecut as administrator de bonis non with the will annexed of the estate of Paul W. Alten, deceased, and Richard E. Barnecut is the duly appointed and qualified administrator of the estate of Paul W. Alten, deceased.

Under, and pursuant to, the partnership agreement, and Article X of that agreement in particular, immediately upon and after the death of Paul W. Alten, Edna T. Alten, his surviving spouse and sole heir, continued the partnership with Richard E. Barnecut.

Edna T. Alten then died on November 30, 1957, twenty

days after the death of her husband, Paul W. Alten. The Probate Court of Fairfield County, on December 3, 1957, issued letters to Richard E. Barnecut as executor of the estate of Edna T. Alten, deceased, and Richard E. Barnecut is the duly appointed and qualified executor of such estate. The will of Edna T. Alten, deceased, devised and bequeathed to Richard E. Barnecut the partnership interest of Edna T. Alten, and upon application to the Probate Court of Fairfield County that court ordered and authorized the executor of the estate of Edna T. Alten, deceased, to distribute the undivided one-half interest of Edna T. Alten in such partnership to Richard E. Barnecut. Thus Richard E. Barnecut claims to now own the partnership in its entirety as follows: one-half by virtue of his interest under the Articles of Partnership and the other one-half as devisee under the will of Edna T. Alten, based upon the contention that Edna T. Alten, who had contributed one-fourth of the real estate and had signed the partnership agreement, at the death of Paul W. Alten was his heir and the person to whom his interest in the partnership was intended to be transferred, not under the statute of descent and distribution but by contract as provided for in Article X of the Articles of Partnership.

Other parties to this action are Joseph T. Alten, Mary Josephine Russell, Lucille Parrish, Anna McClellan and Robert E. Alten, defendants, appellants herein, who would have been the heirs of the estate of Paul W. Alten had he survived Edna T. Alten. Since Edna T. Alten died 20 days after Paul W. Alten, they base their claim on Section 2105.21 of the Revised Code, which provides:

"* * * When the surviving spouse or other heir at law, legatee or devisee dies within thirty days after the death of the decedent, the estate of such first decedent shall pass and descend as though he had survived such surviving spouse, or other heir at law, legatee or devisee. * * *."

As applicable to property devised to Edna T. Alten under the will of Paul W. Alten, this court in *Alten* v. *Barnecut*, 109 Ohio App. 497, held the lapse provision of Section 2105.21 of the Revised Code to be applicable and, because the wife died within 30 days of the testator, such property as she claimed by devise passes under the statute of descent and distribution

as though the testator had survived his wife. The appellants herein thus received the estate of Paul W. Alten since the devise to Edna T. Alten, his wife, lapsed when she did not survive him by 30 days.

Section 2105.21, Revised Code, by its terms is specifically made applicable to property which passes to the surviving spouse or other heir at law under the statute of descent and distribution or as legatee or devisee under a will. The section does not have application to property in which the interest vests by contract. Joint and survivorship bank deposits, the proceeds of life insurance policies and co-owner U. S. Savings Bonds are not controlled by the statutes of descent and distribution but are controlled by the laws of contract. As to U. S. Savings Bonds, see *In re Estate of DiSanto*, 142 Ohio St. 223; as to joint and survivorship deposits, see *Rhorbacker, Exr., v. Citizens Building Assn. Co.*, 138 Ohio St. 273, 135 A. L. R. 988; and as to proceeds of an insurance policy in which the beneficiary was designated by the insured as "his heirs," see *Jamieson* v. *Knights Templer and Masonic Mutual Aid Assn.*, 12 W. L. B. 272, 9 Dec. Rep. 388, where the court determined the widow to be the beneficiary even though the designation of beneficiary was "his heirs," and in regard to the designation the court said:

"It is manifest that the word 'heirs' in the statute and in the policy is used merely to indicate the persons who are to receive the proceeds of the policy. They do not take the money by descent but by contract."

In the case of *Rhorbacker* v. *Bldg. Assoc. Co.*, 138 Ohio St. 273, the Supreme Court of Ohio through Zimmerman, J., said:

"* * * In the cases heretofore considered, the right of the survivor or the survivors to the deposit has been sustained upon a contract in which all the persons connected with the transaction in some way participated. But as we view it, such participation is not always required."

And in the opinion of the case of *In re Estate of DiSanto*, 142 Ohio St. 223, at page 228, the court (Turner, J.) said:

"* * * the *Rhorbacker case* must now be accepted as declaring the applicable law in this state, to wit, that the proceeds of a contract made for the benefit of a third party are not sub-

ject to administration in the estate of the donor but belong to the person for whose benefit the contract was made. * * *''

Section 1779.08 of the Revised Code, regarding partnerships, provides that articles of partnership may define the manner of settlement and, in so far as here pertinent, reads:

"When the original article of a partnership in force at the death of a partner, * * * dispenses with an inventory and appraisement of the partnership assets and with a sale of the deceased partner's interest therein, and provides for a different mode for the settlement of such interest and for a disposition different from that provided for in Sections 1779.04 to 1779.06, inclusive, of the Revised Code, such interest shall be settled and disposed of in accordance with such articles * * *.''

To declare that the decedent's interest in the partnership in the instant case passes not by contract but as a part of his estate under the statutes of descent and distribution would render invalid the contract authorized under the foregoing statutory provisions of Section 1779.08.

It is our finding that the decedent's interest in the partnership did not become a part of his estate to be there administered, rather such interest belongs to the beneficiary named in the Articles of Partnership, and this is true whether such beneficiary under the terms of that contract be the widow, who contributed property and was a party to the contract, or other heirs if it be determined that they were intended to be third party beneficiaries under the terms of the contract.

Section 2105.21 of the Revised Code is by its terms made applicable only to property passing under the statute of descent and distribution and to property passing by devise and bequest, except that it does not apply in the case of wills wherein provision has been made for distribution different from the provisions of such section. It has no application to property passing by contract, unless such application arises from the terms of the contract.

Having determined that the course of Alten's partnership interest must be determined pursuant to the partnership contract, we are presented with the ultimate issue in this case, to wit, by the terms of the contract (Articles of Partnership), who was designated by the term ''his heir or heirs of the de-

ceased partner" to be beneficiary of the partnership interest of Paul W. Alten, deceased?

By the term "heir or heirs" was it the intention to identify the person or persons who would take by contract as being those persons who would be the heir or heirs at the time of death of a deceased partner, or were the person or persons identified intended to be those who would ultimately receive the deceased partner's estate by operation of the lapse statute should his surviving spouse, who was his heir at death, not not survive him by 30 days?

The intent of the contracting parties must be determined from the term "heir or heirs" considered in context with the provisions of the contract and under the circumstances in which the term was used. There is a presumption of the validity of the judgment of the Common Pleas Court. Evidence was taken in this case, but a bill of exceptions was not filed in this appeal. We do not know what might have been contained in a bill of exceptions.

The judgment of the Common Pleas Court found that under Article X of the Articles of Partnership, upon the death of Paul W. Alten, Edna T. Alten was entitled to continue the partnership business with Richard E. Barnecut and succeed to the partnership interest of her husband, Paul W. Alten; and that court rendered judgment in favor of Richard E. Barnecut, to whom the interest of Edna T. Alten had been transferred.

The most reasonable conclusion seems to be that the contracting parties intended identity of beneficiaries to be determined as of time of death of a deceased partner. Nothing appears from the contract itself to indicate that the contracting parties intended Section 2105.21, which is applicable to cause a lapse only as to property which is part of the decedent's estate and which passes under the statute of descent and distribution or by bequest or devise, to be applicable to cause lapse as to the property here in question, which did not so pass and did not become a part of the decedent's estate.

In the absence of a bill of exceptions, we do not find the judgment of the Common Pleas Court to be contra to law or find any error prejudicial to the appellants. Without a bill of

exceptions it is impossible for us to know what the trial court considered.

The judgment of the Common Pleas Court is affirmed.

*Judgment affirmed.*

VAN NOSTRAN and DUFFY, JJ., concur.

DUFFY, J., of the Tenth Appellate District, sitting by designation in the Fifth Appellate District.