DECISION
{¶ 1} Appellants Paramount Commercial Real Estate Investors, Paramount Real Estate Investors, Paramount Fitness Center, Inc., Joe Godar, Matt Burgasser, and John Godar appeal from the judgment of the Hamilton County Court of Common Pleas, Probate Division, in a dispute over the appropriate disposition of a partnership interest.
 {¶ 2} In March 1991, Nathaniel Nathan, Joe Godar, Matt Burgasser and John Godar executed a partnership agreement ("the Agreement") forming Paramount Real Estate Investors or Paramount Commercial Real Estate Investors. The Agreement provided as follows: "If a partner dies, the partnership is dissolved and assets will be distributed according to each partners [sic] investment percentage. The remaining partners will have the option to purchase the deceased partners' [sic] assets. Also, the closest living relative of the deceased partner will inherit either that persons [sic] assets or the cash equivalent paid by the remaining partners."
 {¶ 3} In February 2002, Nathan executed a will that stated in part, "I hereby give, devise and bequeath to my good friend and partner, Joe Godar, or to his survivors if he should predecease me, absolutely and in fee simple, all of my property, real and personal, every kind and description, in Paramount Commercial Real Estate Investors an Ohio Partnership and in Paramount Fitness Center Inc."
 {¶ 4} Nathan died in April 2002. Appellee Susan Swanda, Nathan's sister and closest living relative, filed a complaint for breach of contract and declaratory judgment, and she also demanded an accounting. After the parties agreed to transfer the case to the probate court, the case was submitted to a magistrate who concluded that the Agreement controlled the disposition of the partnership interest. Appellants filed objections to the magistrate's decision. The trial court overruled the objections and adopted the decision of the magistrate.
 {¶ 5} In their sole assignment of error, appellants now assert that the trial court erred in overruling their objections to the magistrate's decision. For the reasons that follow, we conclude that the assignment of error is not well taken.
 {¶ 6} R.C. 1779.08 provides as follows: "When the original article of a partnership in force at the death of a partner, or the will of a deceased partner, dispenses with an inventory and appraisement of the partnership assets and with a sale of the deceased partner's interest therein, and provides for a different mode for the settlement of such interest and for a disposition thereof different from that provided for in sections 1779.04 to1779.06, inclusive, of the Revised Code, such interest shall be settled and disposed of in accordance with such articles or will."
 {¶ 7} In support of their claim, appellants point to Knauberv. The Masonic Home,[1] in which this court considered whether a partnership agreement or a will determined the disposition of a partnership interest so that R.C. 1779.04
through 1779.06 would not apply. In that case, we concluded that because the will was executed prior to the partnership agreement, the will could not have provided a method of settlement and disposition of the partnership interest. Appellants contend thatKnauber requires that we now look to the later executed document to determine the deceased partner's intent. But we are not persuaded that Knauber is apposite to the case before us. The will in that case could not have included the disposition of the partnership interest because the partnership had not been formed when the will was executed. Unlike here, we were faced with only one document that provided a method for the settlement and disposition of the partnership interest. We concluded that because the partnership agreement provided for the settlement and disposition, R.C. 1779.04 through 1779.06 would not apply. We did not touch on the issue whether the partnership agreement or the will would control if both provided methods of settlement and disposition.
 {¶ 8} At issue in this case, where both the Agreement and the will provided for the disposition of the deceased partner's interest, is which document controls. We conclude that the Agreement controls the disposition. Because the partners had agreed on the method of settlement and disposition of the partnership interest in the Agreement, Nathan was unable to provide for a different method by will.
 {¶ 9} R.C. 1775.17(H) provides that "[a]ny difference arising as to ordinary matters connected with the partnership business may be decided by a majority of the partners; but no act in contravention of any agreement between the partners may be done rightfully without the consent of all the partners." The partners in this case had agreed that, upon the death of a partner, the partnership would be dissolved and that the deceased partner's closest living relative would inherit his share of the assets. Nathan's attempt to dispose of his share through a will was counter to the Agreement and could not be accomplished without the consent of all the partners.
 {¶ 10} This conclusion is supported by the Agreement itself, which provided three ways that a partner could withdraw: by selling his interest to an outsider with the consent of the remaining partners, by selling his interest to another partner with the consent of the remaining partners, or by withdrawing his assets. If he wanted to give his share of the assets to Joe Bodar, Nathan could have sold his partnership interest to him, which would have required the other partners' consent, or he could have withdrawn his share of the assets, which would have left him free to dispose of the assets as he wished. Because he did not withdraw from the partnership prior to his death, his interest was controlled by the terms of the Agreement and did not become a part of his estate and subject to his will.[2]
Because we conclude that the Agreement controlled the disposition of the partnership interest, we overrule the appellants' assignment of error and affirm the judgment of the trial court.
Judgment affirmed.
Winkler, P.J., and Gorman, J., concur.
[1] (Nov. 6, 1985), 1st Dist. Nos. C-840554, C-840592, and C-840694.
[2] See, generally, Barnecut v. Barnecut (1964),3 Ohio App.2d 132, 209 N.E.2d 609 (concluding that where a partnership agreement provided for the settlement of a partnership interest, the interest did not become a part of the deceased partner's estate).