## BAKER v
## DOLLAR SAVINGS & TRUST CO et

Ohio Appeals, 7th Dist, Mahoning Co

Decided Oct 27, 1933

D. P. Conway, Youngstown, for plaintiff in error.

W. W. Zimmerman, Youngstown, for defendant in error.

## OPINION

By FARR, J.

The record is not clear as to how this account was created. L. P. Baker was a railroader, and as far as the record discloses was employed for the greater part of the time. Anceline Baker was a crippled woman, unable, without the assistance of crutches or cane, to move about. After the reopening of this account some two or three withdrawals were made by Anceline Baker. After her death a number of withdrawals were made by the husband, L. P. Baker. Deposits were made quite regularly in varying amounts. It is clear that Anceline Baker was not a wage earner, and it is equally clear that L. P. Baker was. After the account was renewed, L. P. Baker, for some reason, had placed upon the bank book, plaintiff's exhibit B, the name of Anceline Baker, or some one had that name placed upon a deposit slip, or a part of it

showing the deposits made to this savings account. The question arises, did L. P. Baker and Anceline Baker know the situation as to this account? They certainly must have. They first of all were living together as husband and wife. Anceline Baker made two or three withdrawals from this account. L. P. Baker must have known that the name of his wife had been added to the account, as disclosed by the bank book, No. 43696, on which appears the name L. P. Baker, with Mrs. Anceline B. Baker. Therefore, it is fair to assume that both parties knew the situation as to this account and that it was carried in the bank in the name of both parties, and they must have so known, and L. P. Baker must have known that his wife's name had been added to the account and that she had made some withdrawals. These deposits are somewhat peculiar in character. There is nothing said or expressed in the book or books or the deposit slips to indicate that this account was to inure to the benefit of the survivor.

It will be recalled that Anceline Baker died perhaps a month or a little better before her husband, he surviving her by that length of time. If L. P. Baker did not intend that his wife should have some interest in this account, it is strange that he did not, after her death, make some change or alteration in the character of the account, but he permitted time to go by and this account to be carried in their joint names, not a word, not a syllable to indicate to the contrary; therefore, Baker must have intended to leave it that way.

Attention is called to a number of cases in Ohio in which the survivor of the husband or wife took the balance remaining in the Bank. The first is Cleveland Trust Company v Scobie, Admr., 114 Oh St, 241. This is a somewhat notable case. The syllabus reads, in part, as follows:

"Where a person opens a savings account in a bank to the joint credit of himself and another, payable to either and balance at death of either payable to survivor, the authority to remain in full force until receipt by the bank from the depositor of written notice of its revocation, and the record shows that the depositor intended to transfer to the person to whom he made the account jointly payable and present joint interest therein equal to his own."

It will be noticed that the above case is not precisely upon the point, because it

provides for the payment of the balance to the survivor of the two.

The next case to which attention is called is In Re, Estate of Hutchinson, 120 Oh St, 542. The second proposition of the syllabus reads as follows:

"While joint tenancy with incidental right of survivorship does not exist in Ohio, parties may nevertheless contract for a' joint ownership with the right of survivorship."

Again there is the provision of survivorship arising in that case, and also in the case of Mougey v Life Insurance Company, 123 Oh St, 595. The opinion in this case is by the court and it may be observed that no different principle is announced in that case from the principle announced in the prior cases. Another case is Osterland v Schroeder, 22 Oh Ap 213, (4 Abs 581). The syllabus reads as follows:

"Where decedent deposited moneys in savings bank, notation adding B's name on accounts and that either, or in case of death of either, survivor may draw part or whole, and that either may draw balance at death of either, payable to survivor, held sufficient to convey title thereto to B."

As a matter of fact, it is well settled in this jurisdiction, that where there is a provision of survivorship and there is no question about the right of the survivor to draw the whole account, but that is not the situation in the instant case. There is not a word expressed here as to survivorship. The name of Anceline Baker is added to the savings account created maybe at the request of L. P. Baker, but if L. P. Baker saw fit to permit this account to continue after the death of his wife in their joint names, without any provision as to the right of a survivor, that was his concern and a matter which he would have a perfect right to settle and determine for himself.

Therefore, this account was opened, a beginning made, and within a short time the sum total drawn out, and then again, within a short time, the same account was reopened. Many deposits were made. They must have been from the earnings of L. P. Baker, because Mrs. Baker, being a cripple, could not create the amount shown to have been deposited, but may the fact that she was a cripple have been the inducement to L. P. Baker to connect her with this account. He knew no more about the future

and as to whom the call would come first than anyone else. It came first to her, but after that he made no change in the account and passed out of the activities of life, leaving the account as he had first arranged it. Any other conclusion than that the order of the Court of Common Pleas dividing this account equally between the parties at the time of the death of Anceline Baker is correct and right would be difficult in this case, and why that? For the reason that he continued in life. He had the opportunity to withdraw part or all of the account or maybe have the account differently stated, but he did not do so. Whatever benefits accrued to his estate by reason of his administratrix paying out a part of this money or exercising control over it should be accounted for. Therefore, the conclusion is that the finding of the Court of Common Pleas is correct in dividing the account equally between the parties at the time of the death of Anceline Baker, when the account was in status quo, as it pretty much had been up to that time, they associating together and enjoying the account. If there had been the right of survivorship created in this deposit the determination would have been easier than it has been, but L. P. Baker did not see fit or proper to so state it. Therefore, the conclusion is reached, as in the courts below, and the finding is that the judgment of the Court of Common Pleas is right and it is affirmed.

Judgment affirmed.

POLLOCK and ROBERTS, JJ, concur in the judgment.