BOYLAN, ESTATE OF, In Re

Ohio Appeals, 4th Dist, Jackson Co

Decided April 3, 1937

E. E. Eubanks, Jackson, for appellant.
Frank DeLay, Jackson, for appellee.

## OPINION

By BLOSSER, J.

This case involves the ownership of two certificates of deposit and originated when exceptions were filed in the Probate Court to the account of the executor of Ella Boylan, deceased, the exceptors claiming that all of the assets of the estate of Ella Boylan were not listed or accounted for. The Probate Court overruled the exceptions to the account and confirmed the same. This order was appealed to the Court of Common Pleas and that court made an order sustaining the exceptions with reference to the certificates of deposit and charging the estate of Lawrence Boylan, deceased, with the amount of the certificates together with interest. From that judgment the case was appealed to this court upon questions of law.

Lawrence Boylan and Ella Boylan were husband and wife. Ella Boylan died October 20, 1934, leaving her husband, Lawrence Boylan, who was named executor of her estate. He filed an inventory and appraisement of the estate, to which exceptions were filed on the ground that all of the assets of the estate were not listed. Before the exceptions could be heard he died on March 1, 1935, and Ella Boylan, his sister, was named executrix of his estate. She filed an account of the financial dealings of Lawrence Boylan as executor of the estate of his wife, Ella Boylan, and exceptions were filed to this account which involved the certificates of deposit above mentioned. At the time of the death of Ella Boylan there were in existence two certificates of deposit which came into the possession of Lawrence Boylan, copies of which are as follows:

"FIRST NATIONAL BANK
"56-446                                    $3100.00
"Jackson, Ohio, July 2, 1934

"Lawrence Boylan & Ella Boylan joint owners have deposited not subject to check .........$3100.00 and 00 cts. .......Dollars payable to the order of either, before or after the death of the other, in current funds Jan. 2, 1935, upon surrender of this certificate properly endorsed, with interest at the rate of 2% per annum from date to maturity only.

"The rate of interest payable hereunder is subject to change by the bank to such extent as may be necessary to comply with requirements of the Federal Reserve Board made from time to time pursuant to the Federal Reserve Act.

"Damon Grow
"Cashier."

"No. 3112
"THE MILTON BANKING COMPANY
"Wellston, Ohio, January 12th, 1934.
                                         $1500.00
                              Int.      22.50
."This certifies that Lawrence Boylan and Ella Boylan

"Has deposited in this bank exactly fifteen hundred dollars no cents—Dollars payable to the order of either of them with interest at the rate of three per cent per annum six months after date on re-

turn of this certificate properly endorsed.

"Not subject to check.

"Please renew not later than each twelve months.

"Ed T. Evans,
"President."

The certificates were endorsed by Lawrence Boylan as an individual and cashed by him after the death of Ella Boylan but before his appointment as executor of her estate. The First National Bank certificate was paid January 3, 1935, which was the next day after it became due. The Milton Bank certificate was paid November 4, 1934, which was about two weeks after the death of Ella Boylan. The evidence discloses that similar certificates in the form these were drawn had been in existence for a number of years before these were issued but the amounts varied from time to time. The certificates under consideration were the renewals of the similar certificates which had been drawn in the same way. All the certificates were drawn at the direction of Mrs. Boylan. Aside from the statements contained in the body of the certificates and the fact that Lawrence Boylan had possession of them soon after the death of his wife there is no evidence as to who furnished the money that went into the certificates or who had possession of them during the lives of Lawrence Boylan and Ella Boylan. The legal questions, therefore, are to be decided largely upon the interpretation to be given the language used in the certificates. There being no evidence in the record to dispute or qualify the statements contained in the certificates they must be taken as true.

Where there is a joint bank deposit or certificate of deposit with an intention and agreement with the bank to create a joint ownership in the fund with the right of survivorship the courts uphold and carry out such agreement and intention. 5 Ohio Jur. 389-390, In Re Estate of Hutchinson, 120 Oh St 542. The case of the First National Bank certificate is stronger but falls within the principle announced in Trust Co. v Scobie, 114 Oh St 241. This certificate on its face states that Mr. and Mrs. Boylan are joint owners and have deposited $3,100 payable to the order of either before or after the death of the other, etc. This language creates a contract of survivorship which the courts will enforce. What other meaning could be given the language used if a contract of survivorship was not intended? Lawrence Boylan had a present interest in the certificate from the time it was issued and under its terms had a right to collect it at any time after it became due upon its surrender to the bank. He rightfully collected the money on it and was not required to account to the estate of Ella Boylan for the amount of this certificate collected nor the interest thereon. The Court of Common Pleas erred in sustaining exceptions to this item.

A different situation, however, exists with reference to the Milton Bank certificate. This certificate does not contain any language which can be construed as showing an intention to create a survivorship. The language used indicates an ownership in common, and this is the interpretation placed upon similar language by the courts.

In Baker v Savings & Trust Co., 15 Abs 385, it is said:

"One half of the money in a joint bank account of husband and wife, made up of the husband's earnings and containing no provision as to survivorship, belongs to the estate of the wife who died first and the balance to the estate of the husband who died shortly thereafter."

In the case of Foraker, Exr. v Kocks, Admr., 41 Oh Ap 210, (11 Abs 545) it is said:

"3. If joint tenancy is expressed without words of survivorship it will be construed as tenancy in common.

"7. Where certificate of deposit and United States Liberty bond were payable to husband and wife or either, presumption exists that property was impressed with contract of ownership wherein husband and wife had equal rights without any survivorship."

To the same effect is the case of Bender v Trust Co., 123 Oh St 588, and annotations 48 A.L.R. 191, 192.

Ella Boylan at her death was the owner of an undivided interest in the Milton Bank certificate and the same should have been included in the inventory of her estate and accounted for by her executor. The Common Pleas Court properly sustained the exceptions to this item. Lawrence Boylan cashed the certificate and had the use of the money as an individual and not as executor and he should be held to account for interest at the legal rate.

The judgment of the Court of Common

Pleas is affirmed in part and reversed in part as herein indicated and the cause is remanded to that court for further proceedings according to law.

McCURDY, PJ, concurs.
GILLEN, J, not sitting.