DOLENCE, EXR., *v.* CENTRAL NATIONAL BANK OF CLEVELAND, A CORPORATION, ET AL.

[Cite as Dolence v. Central Natl. Bank, 15 Ohio Misc. 300.]

(No. 697998—Decided July 15, 1968.)

Probate Court of Cuyahoga County.

*Messrs. Arter, Hadden, Wykoff & Van Duzer*, for petitioner.
Mr. *Francis X. Feighan*, for administrator.
Mr. *Joel M. Garver*, trustee for suit.
Mr. *Edward F. McDermott*, trustee for suit.

PRELIMINARY STATEMENT

DECATUR, General Referee. All parties are properly before this court. The defendants, Travelers Insurance Company and Estate of Anka Dolence, have entered their appearances by filing answers to the amended petition; defendants, Metropolitan Life Insurance Company and Central National Bank of Cleveland, by waivers of notice of hearing, and defendants, Marica Klaric, the unknown heirs at law and next of kin of Thomas Dolence, deceased, and the unknown heirs at law and next of kin of Anka Dolence, deceased, have been duly served by publication.

STATEMENT OF FACTS

The pertinent facts in this case have been stipulated by the parties. On July 29, 1966, Thomas Dolence, an employee of General Electric Company, was found dead at 19515 Arrowhead Road, Cleveland, Ohio. His body, which was found on the floor slumped up against one end of a davenport, contained one large stab wound in the center

of the upper chest and one stab wound on the left side of the chest. Also found was the dead body of his wife, Anka Dolence. Her body was seated in the center of the davenport slumped across the opposite end of the davenport from where her husband's body was found. The body of Anka Dolence contained one large stab wound in the center of her chest just above the level of the breasts. A large brown-handled butcher knife with a 5½ inch blade was found tightly clasped in the right hand of the deceased Anka Dolence. It had to be removed by force.

There were no witnesses to the tragedy. There is no evidence to indicate the order of death of the two parties.

At the time of their deaths Thomas and Anka Dolence were the owners of a savings account at the Collinwood Office of defendant, Central National Bank of Cleveland. This account, which had a balance as of July 29, 1966, of $3,301.15, was "payable to either, or in case of the death of one to the survivor."

By virtue of his employment with General Electric Company, the Defendant, Travelers Insurance Company, had issued to the decedent, Thomas P. Dolence, its Group Insurance Certificate effective June 1, 1966, insuring his life in the event of accidental death in the amount of $10,-000. This policy, which was in full force and effect at the time of the death of Thomas Dolence, insured his life for "bodily injury, either on or off the job, caused solely by accidental, violent and external means and, independently of all other causes, resulting in death." The insured had designated Anka Dolence as the sole beneficiary of this policy. The insurance contract provided, as indicated in the booklet issued to each employee, as follows:

"If at your death there is no beneficiary of record as to all or any part of this insurance then the amount of insurance payable for which there is no beneficiary shall be payable to your estate. * * * If any designated beneficiary shall die before you, the rights and interests of such beneficiary shall thereupon automatically terminate."

Also, by virtue of his employment, the defendant, Metropolitan Life Insurance Company, had issued to the

decedent its Group Policies effective May 11, 1966, insuring his life in the amount of $9,745., and in the event of accidental death for the additional amount of $4,872. Both of these policies were in full force and effect at the time of the death of Thomas Dolence. The insured had designated Anka Dolence as the sole beneficiary of these policies. The booklet issued to the insured in connection with these coverages contains almost identical language to that of the Travelers' booklet.

There is no evidence before this court to show that the insured had designated any contingent beneficiary under any of these policies in the event his wife failed to survive him. It must be presumed, therefore, that there were none.

ISSUES.

The issues as herein presented are:

(1) Did the insured meet death within the terms of the Travelers' Policy?

(2) Did the insured meet death within the terms of the Metropolitan Life Policy?

(3) Is the Estate of Anka Dolence entitled to any or all of the proceeds of the Travelers' and Metropolitan Life Policies?

(4) How are the proceeds of the Central National Bank Savings Account to be distributed?

CONCLUSIONS OF LAW.

*As to whether insured met death within terms of the Travelers Policy.*

The Accidental Death Policy issued by the Defendant, Travelers, provides coverage for "bodily injury, either on or off the job, caused solely by accidental, violent and external means and, independently of all other causes, resulting in death."

The test, as set forth in *Hassay* v. *Metropolitan Life Ins. Co.* (1942), 140 Ohio St. 266, paragraph one of the syllabus reads as follows:

"1. In an action to recover under a clause in a life insurance policy providing for the payment of an increased amount 'if death occurs in consequence of bodily

injury effected solely through external, violent and accidental means, * * * independently and exclusively of all other causes' (1) *the* burden rests upon the plaintiff-beneficiary to prove by a preponderance of the evidence that death was caused exclusively by external, violent and accidental means; (2) Upon a showing of death by external and violent means the law raises a presumption that death was accidental and, upon such showing aided by the presumption, a *prima facie* case for the plaintiff is made; and (3) the presumption remains until overcome by evidence to the contrary.''

And the statement of the court in *The New Amsterdam Casualty Co.* v. *Johnson* (1964), 91 Ohio St. 155, on pages 158-9:

''Undoubtedly an accident, in both its technical and commonly accepted meaning, is an event which occurs without one's foresight or exception and wholly undesigned, yet it is not true that every unusual, unforeseen and unexpected event is an accident within the true meaning of the term as used in insurance policies.''

The cases are clear that it is the viewpoint of the insured and not that of the person who kills him that controls. The rule set forth in 30 Ohio Jurisprudence 2d 543, Insurance, Section 601, reads as follows:

''In the absence of any policy provision on the subject, it is a well-established rule that where an insured is intentionally injured or killed by another, and such injury or death is not the result of misconduct or an assault by the insured, but is unforeseen insofar as he is concerned, the injury or death is accidental within the meaning of an accident insurance policy, and the insurer is liable.''

This is the prevailing weight of authority as shown by the note in 26 A. L. R. 2d 405-6:

''But most of the courts in stating the conditions of the accident insurer's non-liability for injury or death to an insured in the course of an assault wrongfully committed upon another have indicated that in order to excuse the insurer that insured's injury or death must have been a reasonably foreseeable, as well as a natural consequence of his wrongful acts.''

In *Spencer* v. *Southland Life Insurance Co.* (Tex. App. 1960), 340 S. W. 2d 335, the court states, page 337:

"The test of whether a killing is accidental within the terms of an insurance policy is not to be determined from a viewpoint of one who does the killing, but rather from the viewpoint of the insured."

To the same effect is *Peterson* v. *Aetna Life Insurance Co.* (Mich. 1940), 290 N. W. 896, 898:

This was also recognized to be the rule of law in Ohio in *Central National Bank of Cleveland* v. *General American Life Insurance Co.* (C. C. A. 6, 1939), 105 F. 2d 878 at page 879:

"* * * where the insured is intentionally injured by another and the injury is not the result of misconduct or an agression by the insured, but is unforeseen insofar as he is concerned, the injury is accidental within the meaning of the usual accident policy provision. *Employers' Indemnity Corp.* v. *Grant,* 6 C. R., 271 F. 136, 20 A. L. R. 118; *New York Life Insurance Co.* v. *Murdaugh,* 4 Cir., 94 F. 2d 104; *Mutual Life Insurance Co. of New York* v. *Sargent,* 5 Cir., 51 F. 2d 4."

It is to be noted further that the booklet which was issued to the insured in conjunction with the Travelers Group Insurance Certificate excluded only injury or death which were self-inflicted. Clearly this does not include death resulting from murder or intentional killings.

A policy of insurance is to be construed strictly against the insurance company and liberally in favor of the insured and his protection against the perils insured against. 30 Ohio Jurisprudence 2d 225 *et seq.,* Insurance, Section 215.

Accordingly it is clear that the death of Thomas P. Dolence occurred within the terms of Travelers Policy.

*As to whether insured met death within terms of Metropolitan Life Policy.*

Metropolitan Life Insurance Co. admitted liability by its letter of September 29, 1966, a copy of which was introduced and made part of the stipulation of fact.

*As to whether the Estate of Anka Dolence is entitled to any or all of proceeds from Travelers and Metropolitan Life Insurance Co. Policies.*

Booklet Form E R B-105 A issued in conjunction with Travelers Group Insurance Certificate insuring Thomas Dolence effective June 1, 1966, provides in part, page 2: "* * * if at your death there is no beneficiary of record as to 'all or any part of this insurance, then the amount of insurance payable for which there is no beneficiary shall be payable to *your* estate (emphasis ours).' The insurance company may, at its option, pay such amount to any one or more of the following surviving relatives: wife, husband, mother, father, or child. Such payment shall completely discharge all liability with respect to the amount of insurance so paid * * * ." It is clearly intended that said beneficiary be living at the time of the death of the insured.

The booklet further provides: "If any designated beneficiary shall die before you, the rights and interests of such beneficiary shall thereupon automatically terminate."

The question before this court being not one dealing with disposition of property belonging to estate as per Section 2105.21, Revised Code, but instead a right of an estate to claim property under a contract, the issue to be met squarely is whether Anka Dolence falls within the provisions of the terms of the policy as being a beneficiary under said terms. See *Barnecut* v. *Barnecut, Admr.* (1964), 3 Ohio App. 2d 132. *In re Markiewicz* (1955), 71 Ohio Law Abs. 143, 147. *Staunton* v. *Provident Life & Accident Insurance Co.,* 69 Ohio App. 27, 31.

In the instant case it is impossible to medically determine which of the Dolences survived the other, therefore, the presumption must be that their deaths were simultaneous and that neither survived the other.

In a case in which the court had before it the disposition of insurance policies where there was no evidence of the order of death of the insured and the beneficiary the court held the proceeds should be paid to the estate of the insured and not to the estate of the beneficiary. See *In re Estate of Helen V. Francis, deceased* (1940), 29 O. O. 502. It said, page 503:

"It can not be shown that Charles survived Helen, neither can it be shown that she survived the insured.

Helen as the named beneficiary had no vested right in this contract of insurance as the insured had retained the right at any time to change the beneficiary.

"The rights under the policy of insurance became vested only by the death of the insured and at that time the beneficiary also was dead.

"Under facts similar to the foregoing, it has some times been claimed that the vested right of the beneficiary was a chose in action, that it was a contract to pay a certain sum of money upon the happening of a certain event, viz., the death of the insured, and that this chose in action passed to the administrator of the deceased beneficiary as an asset of her estate.

"The Supreme Court of this state has rejected the choses in action theory. The court seems rather to adopt the theory that this insurance policy is a species of trust and that when the beneficiary was deceased, the fund lapsed into the estate of the one who created the trust, viz., the insured." *Ryan* v. *Rothweiler*, 50 Ohio St. 595.

The rule relied upon in the *Francis case* follows an earlier decision rendered by the Court of Appeals of Cuyahoga County in *Ware* v. *Kinch* (1919), 29 C. C. (N. S.) 353, where the court declared at page 355:

"While there is no presumption that two persons who perished in a same common disaster die at the same time, still there is no evidence which establishes, by the degree of proof required that one or the other died first, then the fact of survivorship cannot be ascertained and the law is applied as if they both died at the same time."

*As to the proceeds of the Central National Bank Savings account.*

The rights of the plaintiff, Steve Dolence, executor of the estate of Thomas P. Dolence, and also the rights of the personal representative of Anka Dolence's estate to the proceeds of the joint and survivorship bank account is governed by the recent decision in *In re Estate of Markiewicz* (1955), 71 Ohio Law Abs. 143.

In that case the decedents, who were husband and wife, were killed in an airplane crash. Since there was no evi-

dence to indicate which decedent survived the other the court applied the rule of the *Ware* and *Francis cases,* that their deaths must be presumed to have taken place simultaneously and held that as a result the survivorship provisions were ineffective. It then proceeded to determine to whom the proceeds of this account belonged. It rejected the claim that the provisions of Section 2105.21, Revised Code, applied for the reason (p. 147) that "this is a statute governing descent and distribution and has no application at this stage of the case to the question of ownership." The court held that while the survivorship provisions in the contract were rendered ineffective by virtue of the simultaneous deaths of the parties, it did not invalidate the contract of joint ownership. It concluded on pages 152-3:

"We are of the opinion that Henry Markiewicz by his contract intended to and did vest in Josephine Markiewicz a one-half ownership in the funds represented by the accounts in question here; that because of their simultaneous deaths the survivorship provisions were impossible of fulfillment, which did not affect the validity of the remainder of the contract; and that the estates of Henry Markiewicz and Josephine Markiewicz shall each receive one-half of the funds."

Finally, in its answer to the plaintiff's amended petition, the defendant, Travelers, has asked this court for attorney fees inasmuch as it has raised a question as to its liability under its policies.

The court finds no authority to permit it to award fees under the circumstances, and thus said request is herein denied.