IN RE ESTATE OF JENKINS, DECEASED.

(Nos. CA84-10-031 and -032 — Decided December 16, 1985.)

*George O. Mathewson,* for appellee Administrator of the Estate of Jeffrey Jenkins.

*Michael Heinzman,* for appellant Administrator of the Estate of Michele A. Jenkins.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Madison County.

Michele A. Jenkins and Jeffrey Jenkins were married on July 23, 1982. They were killed simultaneously in an automobile accident on February 3, 1984. At the time of decedents' deaths, there existed a Big Bear Credit Union account containing approximately $10,443.77, with both Michele Jenkins and Jeffrey Jenkins named as joint owners with rights of survivorship. The administrators for both estates filed actions under R.C. 2107.46 in the Madison County Probate Court seeking instructions as to certain assets in dispute between the two estates, including the credit union account.

On August 15, 1984, a hearing was conducted on both motions, and on September 28, 1984, the court issued a decision and journal entry awarding some of the assets to each estate, and ordering that "joint and survivor accounts shall be divided in equal portions between the record owners as of the date of death." From the award of the credit union account, the Administrator of the Estate of Michele A. Jenkins time-

ly brings this appeal naming the following assignments of error:

### First Assignment of Error

"The trial court erred when it awarded the estate of Jeffrey Jenkins one-half of the funds in a joint and survivorship Big Bear Credit Union savings account, when it was conclusively established that all deposits into the account had been made by Michele A. Jenkins."

### Second Assignment of Error

"The trial court erred when it awarded the estate of Jeffrey Jenkins funds in a Big Bear Credit Union savings account that Michele A. Jenkins had accumulated prior to her marriage to Jeffrey Jenkins, and prior to the time Jeffrey Jenkins became a joint owner of the account."

For purposes of brevity, both assignments of error will be discussed together. Appellant argues that when both owners of a joint and survivorship savings account die simultaneously, the funds should be divided between their respective estates in proportion to the contributions made by the decedents during their lifetimes, absent a showing by clear and convincing evidence that the parties had a different intention. We agree.

Section 6-103(a) of the Uniform Probate Code was adopted as law in Ohio by the Ohio Supreme Court. *In re Estate of Thompson* (1981), 66 Ohio St. 2d 433. Section 6-103(a) states:

"A joint account belongs, during the lifetime of all parties, to the parties in proportion to the net contributions by each to the sums on deposit, unless there is clear and convincing evidence of a different intent."

In the case *sub judice*, since the deaths were simultaneous, the rights to the fund must be determined without respect to the matter of survivorship. *In re Markiewicz* (P.C. 1955), 71 Ohio Law Abs. 143. Therefore, in accordance with the reasoning of the Ohio Supreme Court in *Thompson, supra,* the account in question belongs to the estates of the parties in proportion to their net contributions, absent clear and convincing evidence of a different intent.

The trial court held the account was to be divided equally without enumerating reasons for its decision. We do not find sufficient evidence in the record to support a finding that the parties intended equal ownership of the funds contributed to the account prior to the marriage by Michele Jenkins.

Prior to the marriage, Michele opened the credit union account in question through her employer, Big Bear Stores Co., and titled in her name. Stipulations of fact filed by the parties show that after the marriage, the credit union account was funded by weekly deductions from Michele Jenkins' payroll check. The parties also maintained a checking account, in which Jeffrey Jenkins' payroll checks were deposited, along with a portion of Michele's child support checks from a previous husband, and the balance of her payroll check. It was from this checking account that the parties paid their mortgage, utility, and other expenses. Deductions which were made from the credit union account were monthly payments for a 1980 Plymouth Champ titled in Michele Jenkins' name, and payments for a 1973 Dunhill motor home titled in the name of Jeffrey Jenkins.

The fact that the parties had one savings account and one checking account and the manner in which their expenses were paid out of these accounts clearly evidences decedents' intent to pool their earnings for their joint benefit and for the benefit of their children after the marriage. However, there is not sufficient evidence from which a trial court could find, by clear and convincing evidence, that the savings accumulated by Michele Jenkins prior to the marriage

were intended to be owned jointly. Therefore, it was error and an abuse of discretion for the trial court to have equally divided the account between the two estates.

Accordingly, appellant's first and second assignments of error are sustained to the extent that the amount of savings in the credit union on the day of the marriage should be awarded to Michele Jenkins' estate. However, appellant's first assignment of error is overruled as to the distribution of the balance of the account, which we determine should be divided equally between the two estates.

The assignments of error properly before this court having been ruled upon as heretofore set forth, it the order of this court that the judgment or final order herein appealed from be, and the same hereby is, reversed and the cause remanded for further proceedings not inconsistent with this decision.

*Judgment reversed*
*and cause remanded.*

KOEHLER, P.J., and JONES, J. concur.

HENDRICKSON, J., concurs in part and dissents in part.

HENDRICKSON, J., concurring in part and dissenting in part. I cannot agree with the majority that the balance in the credit union account on the date of marriage should be credited to the estate of Michele Jenkins. If, as found by the majority, the intent of the parties was "to pool their earnings for their joint benefit and for the benefit of their children after the marriage," the sum credited to the estate of Michele Jenkins should be the lesser of the balance in that account on the date of marriage, or the lowest balance subsequent to marriage.

I concur with the majority that the balance of the credit union account should be divided equally between the two estates.